**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GIFFORD STEVEN CROSS, Authorized Representative of Gifford Steven Cross, | Case No. 22-01184 (SDW)(JBC) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| PENN FEDERAL SAVINGS BANK, A Division of New York Community Bank, | August 17, 2022 |
| Defendant. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Penn Federal Savings Bank, A Division of New York Community Bank's ("Defendant") Motion to Dismiss (D.E. 11) *pro se* Plaintiff Gifford Steven Cross, Authorized Representative of Gifford Steven Cross' ("Plaintiff") Complaint ((D.E. 1) ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6); and

**WHEREAS** on March 3, 2022, Plaintiff filed a Complaint against Defendant seeking, *inter alia*, entry of an Order vacating a Final Judgment by Default entered by the Superior Court of New Jersey, Essex County against Plaintiff on January 8, 2010 and docketed as a New Jersey Statewide Judgment Lien on May 11, 2010 in connection with Plaintiff's default on a mortgage secured from Defendant.  (*See generally* D.E. 11–3, D.E. 11-4.)[1]  Plaintiff is the owner and founder of Cross

---

[1] Although a district court generally must confine its review on a Rule 12(b)(6) motion to the pleadings, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material without converting the motion to dismiss" into a motion for summary judgment.  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).  This includes "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*,

Realty Corporation.  (Compl. at ¶ 2.)  On or about August 2, 2005, Cross Realty Corporation

secured a mortgage ("Mortgage") with Defendant for real property located in Newark, New Jersey.

(Compl. at ¶ 3.)  Despite endorsing the Mortgage as an officer of Cross Realty Corporation,

Plaintiff asserts that he was not named or acknowledged as guarantor to the subject Mortgage.

(Compl. at ¶ 5.)  Upon Plaintiff's default on the Mortgage, Defendant commenced an action in the

Superior Court of New Jersey, Law Division, Essex County bearing caption *Penn Federal Savings*

*Bank, A division of New York Community Bank v. Gifford S. Cross,* Docket No. ESX-L-4447-09

(the "State Court Action").  (D.E. 11–3.)  On January 8, 2010, Final Judgment by Default was

entered against Plaintiff in the State Court Action due to Plaintiff's failure to respond or otherwise

appear in the matter.  (D.E. 11–3.)  Shortly thereafter, on May 11, 2010, the Final Judgment by

Default was docketed as a New Jersey Statewide Judgment Lien, bearing Judgment No. J-127157-

10 (the "State Court Judgment").  (D.E. 11–4.)  After nearly a decade, Plaintiff sought to vacate

the State Court Judgment by filing three separate order to show cause applications in the State

Court Action on December 7, 2020, February 3, 2021, and June 20, 2021.  (D.E. 11–5, D.E. 11–7,

D.E. 11–9.)  The Superior Court of New Jersey, Essex County denied all three orders to show

cause holding, *inter alia*, that Plaintiff failed to demonstrate the requisite basis for relief.   (D.E.

11–6, D.E. 11–8, D.E. 11–10.)  In or about July 2021, Plaintiff then filed a Notice of Appeal and

Motion to file the Appeal as Within Time in the Superior Court of New Jersey, Appellate Division.

(D.E. 11–11.)  Defendant opposed Plaintiff's motion.  (D.E. 11–13.)  On or about September 30,

---

452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation omitted) (noting the Court can consider documents attached to the complaint or those "*integral to or explicitly* relied upon in the complaint").  Defendant attached to its motion, *inter alia*, the Case Summary Docket for the State Court Action, the Final Judgment by Default docketed as a New Jersey Statewide Judgment Lien, Plaintiff's filed orders to show cause, and the Superior Court of New Jersey Orders.  (D.E. 11–3, D.E. 11–4, D.E. 11–5, D.E. 11–6, D.E. 11–7, D.E. 11–8, D.E. 11–9, D.E. 11–10, D.E. 11–14.)  Because the referenced documents and the information contained therein are "integral to" the Complaint, the Court will consider and refer to said documents in resolving the present motion. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

2021, the New Jersey Appellate Division entered an Order denying Plaintiff's Motion to file the

Appeal as Within Time.  (D.E. 11–14); and

**WHEREAS** Defendant moved to dismiss the Complaint, *inter alia*, on grounds that this

Court lacks subject matter jurisdiction over the Complaint because the Complaint is barred by

*Rooker-Feldman* doctrine  (*See generally* D.E. 11–16); and

**WHEREAS** a defendant may move to dismiss a complaint for lack of subject-

matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually.

*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A facial

challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is

insufficient to invoke subject-matter jurisdiction of the court because, for example, it does not

present a question of federal law …"  *Id.* at 358.  In contrast, a factual challenge "is an argument

that there is no subject-matter jurisdiction because the facts of the case ... do not support the

asserted jurisdiction." *Id.*   In analyzing a facial challenge, "the court must only consider the

allegations of the complaint and documents referenced therein and attached thereto

...." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp.*

*Intron*, 678 F.3d at 243).  Whereas in considering a factual challenge to subject-matter jurisdiction,

the court "may look beyond the pleadings to ascertain the facts."   *Constitution Party of*

*Pennsylvania*, 757 F.3d at 348.  Furthermore, in considering a factual challenge to subject matter

jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff]

bears the burden of establishing jurisdiction."  *Meehan v. Taylor*, No. CIV. 12–4079, 2013 WL

4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States*, 535 F.3d 132, 139 (3d

Cir. 2008); then citing *Mortensen v. First Fed. Sav. Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977));

and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** when considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Defendant alleges that this Court lacks subject matter jurisdiction over the Complaint because Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine.   (*See generally* D.E. 11–16.)   Defendant alleges that Plaintiff improperly seeks to have this Court overturn a twelve-year-old judgment entered in the Superior Court of New Jersey in 2010.  (D.E. 11–16 at 1, 8–11); and

**WHEREAS** "[t]he *Rooker-Feldman* doctrine precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine applies when a federal court would need to determine that "the state court judgment was erroneously entered or must take action that would render that judgment ineffectual," and bars a federal claim when: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.*  (quotations omitted).  There are four factors that must be present for *Rooker-Feldman* to deprive a court of jurisdiction: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (brackets omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); and

**WHEREAS** all four factors of the *Rooker-Feldman* doctrine are met here.  First, Plaintiff lost in state court when the Superior Court of New Jersey entered Final Judgment by Default against Plaintiff and docked the Final Judgment by Default as a State Court Judgment.  (D.E. 11–

3, D.E. 11–4.)  Thereafter, Plaintiff filed three separate orders to show cause in the New Jersey Superior Court and a Motion to file the Appeal as Within Time in the New Jersey Appellate Division, which were all denied.  (*See* D.E. 11–5, D.E. 11–6, D.E. 11–7, D.E. 11–8, D.E. 11–9, D.E. 11–10, D.E. 11–14.)  Second, the allegations in the Complaint arise directly from the entry of the State Court Judgment.  (*See generally* Compl.)  Plaintiff was unsuccessful in setting aside the State Court Judgement, and now complains of the resulting injuries, namely, the alleged injury to his personal finances, "defamation of character through credit reporting and title searches estop[ing] [Plaintiff] from selling his personal real estate," and injury from Defendant's efforts to collect on the State Court Judgment.  (Compl. at ¶16–17.)  Third, the State Court Judgment entered on January 8, 2010 and docketed on May 11, 2010 were entered well before Plaintiff brought suit in this Court on March 3, 2022.  (D.E. 11–3, D.E. 11–4.)  Indeed, Plaintiff's order to show cause applications in the State Court Action and Motion to file the Appeal as Within Time in the New Jersey Appellate Division, as well as the denials by the State Court were also entered well before Plaintiff initiated this action.  (*See* D.E. 11–5, D.E. 11–6, D.E. 11–7, D.E. 11–8, D.E. 11–9, D.E. 11–10, D.E. 11–14.)  Finally, Plaintiff now invites this Court to effectively review and reverse the State Court Judgment and the denials by the State Court.  Plaintiff is plainly seeking to have this Court overturn the State Court Judgement, issue an injunction against Defendant's efforts to collect on the State Court Judgment, and award damages Plaintiff allegedly incurred as a result of the State Court Judgment.  (Compl. at ¶18.)  This Court is not a state appellate court and not the appropriate forum for Plaintiff's grievance.  As a result, this Court lacks subject matter jurisdiction and the Complaint is dismissed.[2]

---

[2] This Court need not reach a discussion on Plaintiff's claims under Rule 60(b) because Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine.

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss (D.E. 11) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** *with prejudice.* An appropriate order follows.


/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:     Parties
        James B. Clark, III, U.S.M.J.

7